**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ANDREW FREE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF JUSTICE,<br><br>　　　　　Defendant. | Case No. 26-CV-876 |

## PLAINTIFF'S OPPOSITION TO 30-DAY EXTENSION
## TO ANSWER THE COMPLAINT

Plaintiff agreed to a 30-day, consent-based extension of deadlines in this case, on one condition: That DOJ confirm whether the records at issue were preserved. In the event Defendant needs additional time to make that representation, Plaintiff agrees to seven-day extensions until an answer is received. Concerningly for the future of this case, Defendant rejected that condition.

Accordingly, Plaintiff opposes the Motion. Instead, Plaintiff respectfully asks the Court to deny Defendant's motion for a 30-day extension and instead grant it a limited extension of seven days to file an answer to the Complaint, or to confirm in writing whether Defendant preserved responsive records. Because the records at issue may have been or might be imminently destroyed, it is critical and time-sensitive that Defendant confirm whether it complied with Plaintiff's pre-suit litigation hold demand. Should Defendant be able to confirm the preservation of responsive records, Plaintiff does not object to a longer extension to answer the complaint.

The Freedom of Information Act (FOIA) sets out a clear deadline for agencies to respond to a complaint—30 days. *See* 5 U.S.C. § 552(a)(4)(C) ("Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading . . . unless the court otherwise directs for good cause shown."). Contrasted with the usual deadline of 60 days that federal defendants have to respond to a complaint (*see* FRCP 12(a)(2)), Congress's intent was also clear that under FOIA, government agencies are held to a higher burden of timeliness. *See Sejas v. U.S. Attorney's Office*, 22-CV-9358 (JPO) at *2 (S.D.N.Y. Jan. 22, 2025) ("It bears emphasizing that FOIA requests are serious matters that must be dealt with on a timely basis, lest the government be viewed as 'utilizing administrative delay to shield FOIA disputes from judicial review.'" (citing *Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 715 (D.C. Cir. 1977)).

The records at issue in this FOIA case concern federal law enforcement personnel who engaged in alleged or substantiated criminal activity, human rights abuses, or other serious professional misconduct. The federal government created a centralized repository of these individuals, called the National Law Enforcement Accountability Database ("NLEAD"), housed within the U.S. Department of Justice ("DOJ"), to ensure documented bad actors could no longer undermine public trust and game the system by leaving one federal law enforcement agency and joining another without notice or further vetting.  *See* ECF No. 1 at ¶¶ 1-2.

In December of 2023, long before NLEAD's decommissioning on January 20th, 2025, by the President, Plaintiff submitted a FOIA request for its contents. *Id.* at ¶ 39. When the undersigned inquired as to the existence and preservation of the records with Defendant's counsel, counsel replied that he did not have answer despite having been served with the complaint since March 19, 2026. If the records have been destroyed, notification to the archivist of the United States is required. There is some public reporting that indicates the records have been destroyed, but Plaintiff has been unable to confirm the veracity of actual record destruction. *See id.* at ¶¶ 36-37

NLEAD's contents are covered by the Federal Records Act and DOJ's FOIA preservation obligations.  28 C.F.R. § 16.9 ("Each component shall preserve all correspondence pertaining to the requests that it receives under this subpart, as well as copies of all requested records, until disposition or destruction is authorized pursuant to title 44 of the United States Code or the General Records Schedule 14 of the National Archives and Records Administration. Records shall not be disposed of or destroyed while they are the subject of a pending request, appeal, or lawsuit under the FOIA.").

Because of these legal obligations and the concerns regarding preservation of these critical records regarding law enforcement misconduct, Plaintiff respectfully requests that the Court grant no more than seven (7) days for Defendant to either confirm that the contents of NLEAD have been preserved or to file an answer to the

Complaint. Plaintiff does not oppose a further extension of time to file an answer

should Defendant confirm preservation of the records pursuant to legal obligations.

Dated: April 17, 2026                                    Respectfully submitted,

                                                    By: /s/ Daniel Melo

                                                    Daniel Melo
                                                    The Melo Law Firm
                                                    NC Bar # 48654
                                                    2920 Forestville Road, Ste 100
                                                    PMB 1192
                                                    Raleigh, NC 27616
                                                    Tel: (919) 348-9213
                                                    dan@themelolawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2026, the foregoing document was filed with the Clerk of the Court via CM/ECF,  which will send notice of such filing to all counsel of record who are registered CM/ECF users in this case.

By: /s/ Daniel Melo