UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
|---|
| ANDREW FREE, |
| *Plaintiff*, |
| v. |
| DEPARTMENT OF JUSTICE, |
| *Defendant*. |

Civil Action No. 26-0876 (RDM)

## ANSWER

Defendant, the Department of Justice (the "Department" or "DOJ"), by and through the undersigned counsel, respectfully submits the following Answer to Plaintiff's Complaint ("Complaint") (ECF No. 1) in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action.

## RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT

Defendant responds below to the separately numbered paragraphs (as numbered by Plaintiff) and prayer for relief contained in the Complaint. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete content; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant responds to the Complaint in like numbered paragraphs as follows:

**PRELIMINARY STATEMENT**[1]

1-5. These paragraphs do not set forth claims of relief or aver facts in support of a claim under FOIA, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

6. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiff's asserted reasons for bringing this action.

7. Defendant admits only that this action is brought under FOIA. The remainder of this paragraph consists of legal conclusions, to which no response is required.

**JURISDICTION AND VENUE**

8. This paragraph consists of legal conclusions concerning jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendant admits that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

9. This paragraph consists of legal conclusions concerning venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this judicial district for appropriate FOIA challenges.

10. This paragraph consists of legal conclusions, to which no response is required.

11. This paragraph consists of legal conclusions, to which no response is required.

12-14. These paragraphs consist of legal conclusions and statements of law about FOIA, to which no response is required. To the extent any response is required, Defendant refers the Court to the cited provisions of FOIA for a complete and accurate statement of their contents.

---

[1]    For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

**PARTIES**

15-16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. Defendant admits only that DOJ is a federal agency under § 552(f)(1). The remainder of this paragraph consists of legal conclusions, to which no response is required.

**FACTS**

18-38. These paragraphs do not set forth claims of relief or aver facts in support of a claim under FOIA, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

39. Defendant admits that, on December 19, 2023, Plaintiff submitted a FOIA request to the Department's Office of Information Policy ("OIP") seeking the contents of the National Law Enforcement Accountability Database, and admits that the request is included within an attachment to the Complaint (ECF No. 1-2). Defendant respectfully refers the Court to that request, for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that request.

40. Defendant admits that, on January 10, 2024, OIP acknowledged receipt of Plaintiff's FOIA request to OIP, assigned it request number FOIA-2024-00549, and invoked unusual circumstances. Defendant respectfully refers the Court to that acknowledgment (ECF No. 1-3) for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that acknowledgment letter.

41. Defendant admits that, on February 22, 2024, OIP issued a response to Plaintiff's FOIA request to OIP, forwarding Plaintiff's request to the Department's Justice Management Division ("JMD") for processing and direct response to Plaintiff. Defendant respectfully refers the Court to

that response (ECF No. 1-4) for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that response.

42. Defendant admits.

43. Defendant admits that JMD received three emails from Plaintiff, dated March 25, 2024, April 24, 2024, and May 24, 2024, requesting a status update as to Plaintiff's FOIA request. Defendant admits that it did not respond to Plaintiff's inquiries prior to June 14, 2024.

44. Defendant admits that JMD responded to Plaintiff on June 14, 2024, and refers the Court to that communication for a complete and accurate statement of its contents. Defendant denies the allegations in this paragraph to the extent inconsistent with the content of that response, and also denies the use of the term "finally" in this paragraph.

45. Defendant admits that JMD received an email from Plaintiff requesting a status update on July 15, 2024, and two more emails from Plaintiff requesting a status update on August 14, 2024; admits that, on August 14, 2024, Plaintiff received a reply from Daniel Wagner from JMD, who notified Plaintiff that he would be in contact once he had more information; and admits that Plaintiff replied the same day, informing JMD that it appeared the Department had not yet made a determination on his request and expressing the opinion that the lack of a determination was contrary to 5 U.S.C. § 552(a)(6)(A)(i). Defendant denies any implication in this paragraph of any violation of FOIA.

46. Defendant admits that it provided a letter to Plaintiff dated August 22, 2024, and that a copy of that letter is attached to the Complaint (ECF No. 1-5). Defendant refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that letter.

47. Defendant admits that, on August 22, 2024, Plaintiff submitted an administrative appeal to OIP. Defendant respectfully refers the Court to that appeal for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that appeal.

48. Defendant admits that, on September 13, 2024, OIP acknowledged receipt of Plaintiff's administrative appeal and assigned it appeal number A-2024-02602. Defendant respectfully refers the Court to that acknowledgment letter for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that letter.

49. Defendant admits that, on November 15, 2024, OIP issued a response to Plaintiff's administrative appeal. Defendant respectfully refers the Court to that response for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that response.

50. Defendant denies that any email included within the attachment to the Complaint filed as ECF No. 1-2 bears the date December 16, 2024, and seeks information regarding FOIA-2024-00549 (in contrast to, for instance, A-2024-02602, which is the number assigned to the administrative appeal that OIP responded to on November 15, 2024).

51. Defendant admits that, on December 18, 2024, JMD issued a final determination on Plaintiff's FOIA request, and admits that JMD granted Plaintiff's request in part but redacted a portion of agency-identifying information under FOIA Exemptions 6 and 7(C). Defendant refers the Court to the response letter for a complete and accurate statement of its contents.

52. Defendant refers the Court to the December 18, 2024 response letter for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that letter.

53. Defendant admits that, on December 18, 2024, Plaintiff sent an administrative appeal via email. Defendant respectfully refers the Court to that email for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that appeal.

54. Defendant admits that, on January 6, 2025, OIP acknowledged receipt of Plaintiff's administrative appeal and assigned appeal number A-2025-00621. Defendant respectfully refers the Court to that acknowledgment for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that acknowledgment.

55. Denied.

56. Defendant admits that, on February 11, 2025, OIP provided an estimated date of completion of 6-8 weeks for completion of Plaintiff's administrative appeal. Defendant respectfully refers the Court to that email (ECF No. 1-2 at ECF p. 10), for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that email.

57. Defendant admits that, by letter dated February 21, 2025, Plaintiff submitted a litigation preservation notice to OIP. Defendant respectfully refers the Court to that notice (ECF No. 1-2 at ECF p. 10-11) for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that notice.

58. Defendant admits that OIP received an email from Plaintiff, dated June 19, 2025, requesting a status update as to Plaintiff's administrative appeal.

59. Defendant admits that, on September 16, 2025, OIP issued a response to Plaintiff's administrative appeal. Defendant respectfully refers the Court to that response (ECF No. 1-10) for

a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that response.

60-62. Denied that these paragraphs accurately characterize Defendant's basis for the application of FOIA exemptions to withhold information in connection with the records at issue.

63. This paragraph consists of a legal conclusion, to which no response is required.

## CLAIMS FOR RELIEF

## COUNT I

64. Defendant incorporates by reference the preceding paragraphs.

65. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, the allegation is denied.

66. This paragraph consists of a legal conclusion, to which no response is required.

67. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, the allegation is denied.

68. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, the allegation is denied.

## COUNT II

69. Defendant incorporates by reference the preceding paragraphs.

70. Defendant admits that it is a government agency subject to FOIA. The remainder of this paragraph asserts a legal conclusion to which no response is required.

71. This paragraph consists of a legal conclusion, to which no response is required.

72. Defendant admits withholding under Exemptions 6 and 7(c). Defendant denies that the withholdings were improper or erroneous. The remainder of this paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied.

## REQUEST FOR RELIEF

73-78. The remainder of the Complaint contains Plaintiff's requested relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on the Plaintiff as a matter of law.

## First Defense

Defendant conducted a reasonable search of agency records, and responded to Plaintiff's request by producing all responsive, non-exempt agency records subject to FOIA within the statutory timeframe permitted under the FOIA.

**Second Defense**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA, the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**Third Defense**

Plaintiff is not entitled to recover costs or attorneys' fees.

**Fourth Defense**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**Fifth Defense**

Defendant's actions did not violate FOIA or any other statutory or regulatory provision.

**Sixth Defense**

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

**Seventh Defense**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA requests at issue, including in paragraphs 1-5 and 18-38, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer,

- 9 -

and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: June 4, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: /s/ *Samuel G. Settle*
SAMUEL G. SETTLE
Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-7705
Email: samuel.settle@usdoj.gov

*Attorneys for the United States of America*