UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW FREE,

*Plaintiff*,

v.

DEPARTMENT OF JUSTICE,

*Defendant*.

Civil Action No. 26-0876 (RDM)

**FIRST JOINT STATUS REPORT**

Pursuant to the Court's Minute Order of June 8, 2026, Plaintiff Andrew Free ("Plaintiff") and Defendant Department of Justice ("Defendant" or "DOJ"), through undersigned counsel, provide the Court with this Joint Status Report in this action brought under the Freedom of Information Act ("FOIA"). In this action, Plaintiff seeks records that DOJ (through its component, Justice Management Division, "JMD") withheld citing FOIA Exemptions 6 and 7(c).

The underlying FOIA request is FOIA-2024-00549, tracking number 133352 (appealed as A-2025-00621), which seeks records from the National Law Enforcement Accountability Database ("NLEAD"). NLEAD entries indicated the existence of records held by federal law enforcement agencies ("LEAs") regarding instances of misconduct by federal law enforcement officers ("LEOs").[1]  NLEAD was decommissioned in January 2025.

JMD granted the request in part, but withheld under Exemptions 6 and 7(c) "information that could identify an individual directly or indirectly: [1] name, [2] date of birth, [3] last four digits of social security number, [4] hash of social security number and date of birth, [5] day and

---

[1] NLEAD operated using a pointer system, a database management model which utilizes a "pointer" to indicate that a record of a particular type exists for a searched individual and points the requester to the location of the record (i.e., the source agency).

month of incident, [6] job series, [7] subdivision, [8] employee unique identification number, [9] identification of user that updated the record, [10] flag type detail, and [11] employing agency or subagency when the individual's agency or subagency has fewer than 50 records in NLEAD" (ECF No. 1-8 at 1, brackets added for easier referencing). Plaintiff has narrowed his request to the following withheld categories: [1] name, [5] day and month of incident, [6] job series, [7] subdivision, [10] flag type detail, and [11] employing agency or subagency when the individual's agency or subagency has fewer than 50 records in NLEAD. Plaintiff seeks these records for a total of 5,185 records pertaining to LEOs.[2]

**(1) Documents still to be produced pursuant to FOIA**

The requested contents of NLEAD consist of 5,185 records pertaining to LEOs.

DOJ is discussing internally how best to proceed, but at this point maintains that its withholdings were proper.

**(2) Anticipated schedule for processing and producing documents**

DOJ is preparing a proposal regarding next steps in the litigation and will provide an update to the Court and Plaintiff at the Initial Scheduling Conference.

**(3) Substantive areas of disagreement between the parties**

**Plaintiff's Position:**

Plaintiff states that the records at issue in the narrowed request all constitute reasonably segregable, non-exempt agency records that are subject to immediate release. DOJ's blanket withholding of these records pursuant to Exemptions 6 and 7(C) violates its obligations under the

---

[2] Specifically, Plaintiff seeks records regarding:
(1) 332 federal law enforcement officers convicted of crimes;
(2) 252 officers who had their law enforcement powers suspended related to misconduct;
(3) 811 officers terminated in relation to misconduct;
(4) 518 officers who resigned or retired under investigation for serious misconduct; and
(5) 3,272 officers who were subject to sustained complaints or records of disciplinary action based on findings of serious misconduct.

Freedom of Information Act (FOIA). Plaintiff outlined this position and provided the legal authority supporting it in a detailed conferral letter to the agency in March 2026. No movement has occurred since then, and the Department's counsel recently informed Plaintiff's counsel DOJ does not intend to begin rolling productions.

In light of the agency's determination after this litigation was filed that it intends to continue withholding all of these records in full, the parties are at an impasse, and judicial review of the agency's withholdings is ripe.

Plaintiff proposes that the Court set a briefing schedule on cross-motions for summary judgment. Plaintiff proposes the Department's initial motion papers should be filed no later than September 1, 2026; Plaintiff's Cross-Motion for Summary Judgment and consolidated Response in Opposition should be filed no later than September 30, 2026; the Department's Reply and Response should be filed no later than October 21; and Plaintiff's Reply should be filed no later than November 4, 2026.

**Defendant's Position:**

Defendant states that this FOIA request requires careful agency consideration, because the request explicitly seeks personal information (names) compiled for law enforcement purposes, thus implicating Exemptions 6 and 7(c). In addition, the nature of NLEAD means that many external agencies, LEAs, are likely to have equities in the records. As a result, DOJ requires time to carefully evaluate the request before proceeding. Furthermore, DOJ does not believe the delay thus far is unreasonable – an Answer to the Complaint was filed less than a month ago on June 4, 2026.

For these reasons, DOJ respectfully proposes that the Court delay scheduling briefing, and the DOJ will provide an update to the Court at the scheduled conference on July 8, 2026.

\*       \*       \*

Dated: July 1, 2026                    Respectfully submitted,

/s/ Daniel Melo
DANIEL MELO
The Melo Law Firm
2920 Forestville Road
Ste 100, PMB 1192
Raleigh, NC 27616
(919) 348-9213
dan@themelolawfirm.com

*Attorney for Plaintiff*

_____

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ Samuel G. Settle
SAMUEL G. SETTLE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7705
samuel.settle@usdoj.gov

*Attorneys for the United States of America*

4