UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW FREE,<br>*Plaintiff*,<br>v.<br>DEPARTMENT OF JUSTICE,<br>*Defendant*. | Civil Action No. 26-0876 (RDM) |

**Local Rule 7(h) Statement of Material Facts As to Which There is No Genuine Dispute**

Pursuant to Local Civil Rule 7(h), Defendant provides the following statement of material facts that are not in genuine dispute.

1. On December 19, 2023, Plaintiff submitted a Freedom of Information Act ("FOIA") request to the Department of Justice's Office of Information Policy seeking the contents of the National Law Enforcement Accountability Database (“NLEAD”). Declaration of Laurence N. Brewer ¶ 14 (“Brewer Decl.”).
2. On or about February 22, 2024, the Office of Information Policy forwarded Plaintiff's FOIA request to the Justice Management Division (“JMD”) for processing. Brewer Decl. ¶ 15.
3. The NLEAD was established in December 2023 pursuant to Executive Order 14074 as a centralized federal repository documenting instances of law enforcement officer misconduct and commendations. Brewer Decl. ¶ 4.
4. Rather than holding underlying investigative records, NLEAD functioned as a “pointer system” indicating whether another federal agency possessed responsive records regarding a law enforcement officer. Brewer Decl. ¶ 6.

5. JMD technical administrators executed an electronic query and extraction encompassing 100% of the active database entries held in NLEAD as of November 5, 2024. Brewer Decl. ¶ 16.

6. No other database or record system within JMD holds the centralized NLEAD pointer data responsive to Plaintiff's request. Brewer Decl. ¶ 16.

7. JMD determined that the NLEAD dataset was compiled for a law enforcement purpose within the meaning of FOIA Exemption 7(C) to inform federal hiring, promotion, and background suitability decisions. Brewer Decl. ¶ 20.

8. JMD determined that current and former law enforcement officers listed in NLEAD maintain substantial personal privacy interests in their personnel disciplinary records under Exemptions 6 and 7(C). Brewer Decl. ¶¶ 18–19.

9. JMD determined that public release of uncontextualized NLEAD entries without the underlying investigative records would not facilitate public scrutiny of agency action or shed light on JMD's operations. Brewer Decl. ¶ 21.

10. JMD determined that law enforcement officer names were properly withheld under Exemptions 6 and 7(C) because public disclosure of officer identities in a misconduct registry creates a severe risk of personal and professional harm. Brewer Decl. ¶¶ 22, 25–26.

11. JMD determined that releasing identifying information of officers with criminal convictions remained exempt under Exemptions 6 and 7(C) due to practical obscurity and the risk of compromising ongoing or covert law enforcement operations. Brewer Decl. ¶¶ 23–24.

12. JMD determined that secondary data fields—including the day and month of incident and flag type detail—were properly withheld under Exemptions 6 and 7(C) because they could be tied to public reporting and lead to the identification of individual officers. Brewer Decl. ¶ 27.

13. JMD determined that job series, subdivision, and agency or subagency listings with fewer than 50 entries were properly withheld under Exemptions 6 and 7(C) because disclosing these fields in small components could reasonably lead to officer identification. Brewer Decl. ¶ 28.
14. JMD determined that the identities of administrative users who updated NLEAD records were exempt from disclosure under Exemptions 6 and 7(C). Brewer Decl. ¶ 29.
15. JMD determined that officer award and commendation entries were subject to the same privacy protections under Exemptions 6 and 7(C) as misconduct entries. Brewer Decl. ¶ 30.
16. JMD evaluated the foreseeable harm resulting from disclosure and determined that releasing names, job series, specific event dates, or small-agency identifiers creates a real-world risk of harassment, doxxing, physical endangerment, and severe public stigmatization. Brewer Decl. ¶¶ 31–33.
17. On December 18, 2024, JMD issued its final response providing Plaintiff with the contents of the NLEAD with exempt identifying fields redacted. Brewer Decl. ¶ 34.
18. JMD conducted a field-by-field review and released all non-identifying aggregate data, statistical codes, and macro-level entry counts, withholding only information that is inextricably intertwined with protected personal privacy details, the disclosure of which would be reasonably expected to cause harm to the interests protected by Exemptions 6 and 7(C). Brewer Decl. ¶¶ 35–36.

Dated: October 16, 2026

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Samuel G. Settle*

SAMUEL G. SETTLE
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7705
samuel.settle@usdoj.gov